UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

In re:

Lisset Torres

Case No.   13-17894-LMI

Chapter 7

_____/

## TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.**

**COMES NOW**, Maria M. Yip, the Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of Lisset Torres (the "Debtor"), moves the (the "Motion"), pursuant to Federal Bankruptcy Rule 9019, and Local Rules 9013-1(D), to approve the Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets (the "Stipulation") entered into by and between the Trustee and the Debtor. In support of the Motion, the Trustee states as follows:

### Background and Jurisdiction

1. On Apr 8, 2013 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. Maria M. Yip was appointed as Chapter 7 Trustee.

2. The Trustee has evaluated the Debtor's property valuations and claimed exemptions and determined that the resolution agreed upon with the Debtor is in the best interests of the Estate. The details of the analysis and agreement are set forth in the Stipulation, attached hereto as Exhibit "A".

3.  The Stipulation provides for repurchase of certain of the Debtor's non-exempt assets, (the "Settlement").

4.  Pursuant to the terms of the Stipulation, the Debtor has agreed to pay, and the Trustee has agreed to accept the Settlement Amount, as defined in the Stipulation, for the repurchase of the Debtor's non-exempt property and resolution of the other matters set forth in the Stipulation.

5.  The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

## Legal Standard for Settlement

6.  Bankruptcy Rule 9019(a) provides: "On motion….and after a hearing on notice to creditors, the debtor…. and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7.  As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988)(Cristol, J.)(citing *Rivercity v. Herpel (in re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)* 762 F.2d 185, 189 (2nd Cir. 1985); *In re Prudence Co.*, 98 F.2d 599 (2d Cir. 1938), cert denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

8.  The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Roddman (in re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert denied, 464 U.S. 822 (1983)).

9.  According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

    (a)    The probability of success in litigation;
    (b)    The difficulties, if any, to be encountered in the matter of collection;
    (c)    The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
    (d)    The paramount interest of the creditors and a proper defense to their reasonable views in the premises.

---

[1] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for the Southern District of Florida permits, inter alia, relief without a hearing for motions to approve settlement.

*Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 12544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

10.  The Trustee believes that the proposed settlement meets the standards set forth in *In re Jackson Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

11. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B".

**WHEREFORE**, Maria M. Yip, as Chapter 7 Trustee of the Bankruptcy Estate of Lisset Torres and , respectfully requests this Court enter an Order (1) granting the Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing will be served to all parties on the attached service list and was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on June 6, 2013:

- John M. Cruz II cruzjohnm@aol.com
- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov
- Maria Yip trustee@yipcpa.com, myip@ecf.epiqsystems.com

Signed:   /s/ Maria M. Yip, Trustee
Maria M. Yip, Trustee
201 Alhambra Circle, Suite 501
Coral Gables, FL 33134
Telephone:  305-908-1862
Facsimile:  786-800-3903
trustee@yipcpa.com

```
Label Matrix for local noticing        Wells Fargo Bank NA                    Acura Financial Serv
113C-1                                 c/o Scott Weiss                        POB 1027
Case 13-17894-LMI                      1800 NW 49 St # 120                    Alpharetta GA 30009-1027
Southern District of Florida           Fort Lauderdale, FL 33309-3092
Miami
Thu Jun  6 12:00:54 EDT 2013

(p)AMERICAN HONDA FINANCE              American InfoSource LP as agent for    Best Buy
P O BOX 168088                         Midland Funding LLC                    POB 5238
IRVING TX 75016-8088                   PO Box 268941                          Carol Stream IL 60197-5238
                                       Oklahoma City, OK  73126-8941


Capital One                            Chase                                  Chase Bank
POB 71083                              POB 15153                              POB 15153
Charlotte NC 28272-1083                Wilmington DE 19886 5153               Wilmington DE 19886 5153



(p)DELL FINANCIAL SERVICES             Household Bank                         IC Systems Inc
P O BOX 81577                          POB 80084                              POB 64437
AUSTIN TX 78708-1577                   Salinas CA 93912-0084                  St Paul MN 55164-0437



LTD Financial Services                 Law Office of Marshall C Watson PA     Macy's
POB 630788                             1800 NW 49th St                        POB 689195
Houston TX 77263-0788                  Ste 120                                Des Moines IA 50368-9195
                                       Ft Lauderdale FL 33309-3092


Office of the US Trustee               Pomeranz & Associates PA               Primary Financial Services
51 S.W. 1st Ave.                       1920 E Hallandale Bech Blvd            3115 N 3 Ave
Suite 1204                             Ste 802                                Ste 112
Miami, FL 33130-1614                   Hallandale FL 33009-4725               Phoenix AZ 85013-4387


Richard J Boudreau & Assoc             Verizon                                Walmart
5 Industrial Way                       POB 660108                             POB 530927
Salem NH 03079-4866                    Dallas TX 75266-0108                   Atlanta  GA 30353-0927



Wells Fargo Home Mortgage              John M. Cruz II Esq.                   Lisset Torres
POB 9039                               6625 Miami Lakes Drive, Suite 345      2741 NE 4th Street
Temecula CA 92589-9039                 Miami Lakes, FL 33014-2702             #202
                                                                              Homestead, FL 33033-7057


Maria Yip
201 Alhambra Cir # 501
Coral Gables, FL 33134-5105
```

            The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
            by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

American Honda Finance Corporation
National Bankruptcy Center
P.O. Box 168088
Irving, TX 75016-8088

Dell Financial Services
POB 5275
Carol Stream IL 60197

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami

End of Label Matrix
Mailable recipients    24
Bypassed recipients     1
Total                  25

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WWW.FLSB.USCOURTS.GOV

| | |
|---|---|
| In re: | CASE NO.: 13-17894 |
| LISSET TORRES | CHAPTER 7 |
| Debtor. | |
| _____/ | |

## STIPULATION TO COMPROMISE CONTROVERSY REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON EXEMPT ASSETS

This Stipulation is entered into between Maria Yip ("the Trustee"), and Lisset Torres ("the Debtor"), on May 31, 2013.

WHEREAS, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 8, 2013;

WHEREAS, Maria Yip is the duly appointed Chapter 7 Trustee;

WHEREAS, on Schedule B, the Debtor listed a 2006 Kia Spectra vehicle with a value of $5,000

WHEREAS, the Debtor has claimed a portion of the 2006 Kia Spectra vehicle as exempt;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

1.  The Debtor will pay the Trustee $680.00. The payment shall be made in a lump

sum amount due on or before June 15, 2013.

2. The payment will be by cashier's check or money order made payable to the order of Maria Yip, Trustee and mailed to the Trustee's office at: 201 Alhambra Cir. #501, Coral Gables, FL 33134. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

3. As part of this Settlement, the Debtor agrees that the deadline for the Trustee to object to claimed exemptions and discharge shall be extended until ten (10) days after the entry of any order approving this Stipulation is entered, and that the Trustee may file an agreed motion necessary to effectuate such extension.

4. As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), is true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

5. If the Debtor complies with all the terms of this Stipulation, he will keep all the real and personal property listed on the Bankruptcy Schedules unless it was his intent to surrender such property.

6. If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

7. If the Debtor complies with all the terms of this Stipulation, the Trustee will not

object to the granting of a discharge to the Debtor.

8.  If the Debtor complies with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

9.  This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

10. If the Debtor fails to timely make the payment described in paragraph 1, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

11. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at an annual rate of 5%, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

12. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of

any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

13. The Trustee has accepted this settlement subject to this Court's approval.

14. All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

15. Time is of the essence as to all deadlines within this stipulation.

16. This agreement represents the full and complete understanding of the parties.

17. The Trustee believes that this agreement is in the best interest of the estate.

18. This agreement may be signed in counterparts.

19. The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

_____   _____
LISSET TORRES                    DATE
DEBTOR

_____   _____
JOHN CRUZ N, ESQ.                DATE
DEBTOR'S ATTORNEY

_____   _____
MARIA YIP                        DATE
TRUSTEE

4

EXHIBIT "B"

PROPOSED

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In Re: | Case No. 13-17894-LMI |
| Lisset Torres | Chapter 7 Proceeding |
| \_\_\_\_\_Debtor(s)_____/ | |

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS**

**THIS CAUSE** came before this Court upon the Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets (the "Motion"). The Court having reviewed the Motion and the certificate of No Response, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in re Justice Oaks II, Ltd. 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interest of the Estate, and finding that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rule 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, it is **ORDERED AND ADJUDGED:**

1. The Motion is GRANTED.

2. The compromise and settlement is approved on the terms and conditions set forth in the Motion and Stipulation attached to the Motion.
3. The Court incorporates the terms of the Stipulation into this Order and retain jurisdiction to enforce the terms thereof.

###

**Submitted by:**
Maria M. Yip, Trustee
201 Alhambra Circle, Suite 501
Coral Gables, FL 33134
Telephone: 305-908-1862
Facsimile: 786-800-3903
trustee@yipcpa.com

**Copies Furnished to:**
Maria M. Yip, Trustee

*Trustee Yip is directed to serve copies of this Order upon all parties in interest upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.*